1               UNITED STATES DISTRICT COURT

2               WESTERN DISTRICT OF TEXAS

3                SAN ANTONIO DIVISION

4  UNITED STATES OF AMERICA,   § CRIMINAL NO. 5:12-102-OLG-1
                            §
5                       §
  v.                   § March 31, 2014
6  ANTONIO PENA ARGUELLES,    §
                       §
7  DEFENDANT.            §

8

9            TRANSCRIPT OF REARRAIGNMENT
10     BEFORE THE HONORABLE ORLANDO L. GARCIA
          CHIEF DISTRICT COURT JUDGE

11  APPEARANCES:

12  For the Government:     CHARLIE STRAUSS, AUSA
                    CHARLIE LEWIS, AUSA
13                  MARY NELDA VALADEZ, AUSA
                    Office of US Attorney
14                  601 NW Loop 410, Suite 600
                    San Antonio, Texas 78216
15

16  For the Defendant:      GERALD HARRIS GOLDSTEIN, ESQ.
                    VAN HILLEY, ESQ.
17                  Goldstein, Goldstein & Hilley
                    310 S. St. Mary's, Suite 2900
18                  San Antonio, TX 78205

19

20

21

22

23

24

25  Produced by mechanical stenography; computer-aided
  transcription

               Leticia Ornelas Rangel, CSR

1                    P-R-O-C-E-E-D-I-N-G-S

2                    THE COURT:  Okay.  You may be seated.  I'll proceed

3       to call U.S. v. Antonio Pena Arguelles, Cause number

4       12-CR-102.

5                    MR. STRAUSS:  Good afternoon, Your Honor.  Charlie

6       Strauss for the United States.

7                    THE COURT:  Okay.

8                    MR. STRAUSS:  And also Charlie Lewis, Special

9       Assistant from the Southern District of Texas.

10                   THE COURT:  Okay.

11                   MR. STRAUSS:  And I assume in a few moments, Mary

12      Nelda Valadez from our office will be here.

13                   THE COURT:  Okay.  All right.  Thank you.

14                   MR. STRAUSS:  She is also representing the

15      government.

16                   THE COURT:  Thank you.

17                   MR. GOLDSTEIN:  Jerry Goldstein together with Van

18      Hilley.  We represent Mr. Pena.  Cynthia Orr is also counsel

19      of record.  She is in Austin with the Court of Appeals this

20      afternoon.

21                   MR. STRAUSS:  Okay.

22                   MR. GOLDSTEIN:  And we have three lawyers too.

23                   THE COURT:  Okay.  Indeed.  If you and your client

24      will come over here, please.  Thank you.

25                   Jessica, if you will swear in Mr. Pena.

                    Leticia Ornelas Rangel, CSR

1          THE COURTROOM DEPUTY:  Yes, Your Honor.  Please

2    raise your right hand.

3          Do you solemnly swear to tell the truth, the whole

4    truth, and nothing but the truth so help you God?

5          DEFENDANT PENA ARGUELLES:  I do swear.

6          THE COURTROOM DEPUTY:  Thank you.

7          THE COURT:  Okay.  Mr. Pena, do you wish to be

8    called Mr. Pena or Mr. Arguelles?

9          DEFENDANT PENA ARGUELLES:  Pena.

10         THE COURT:  Pena.  Okay.  Mr. Pena, the Court

11   understands that you wish to plead guilty to Count One of the

12   superseding information returned on March 27, 2014.  Is this

13   correct?

14         DEFENDANT PENA ARGUELLES:  It's correct, Your

15   Honor.

16         THE COURT:  Mr. Goldstein, how long have you

17   represented the defendant and on how many occasions have you

18   had an opportunity to talk to your client and discuss this

19   case?

20         MR. GOLDSTEIN:  I believe we had -- our firm has

21   represented Mr. Pena for over two years, Your Honor.  I have

22   had hundreds of meetings with him as have my able-counsel,

23   Mr. Hilley and Ms. Orr.  And I believe we have spent

24   considerable time together.

25         THE COURT:  Okay.  So you have had sufficient time

1   to review his case with him?

2             MR. GOLDSTEIN:  I have, Your Honor.

3             THE COURT:  Okay.  Do you have any doubt,

4   Mr. Goldstein, as to your client's competence to proceed in

5   this matter and enter a plea at this time?

6             MR. GOLDSTEIN:  I do not, Your Honor, and I believe

7   he understands both the consequences of that plea and the

8   factual basis.

9             THE COURT:  So you believe he has both a factual as

10  well as a rational understanding of the proceedings, and he

11  has sufficient present ability to consult with you within a

12  reasonable degree of rational understanding.  Is this

13  correct?

14            MR. GOLDSTEIN:  I do, Your Honor.

15            THE COURT:  Okay.  Then let me ask, Mr. Pena, have

16  you ever suffered or do you suffer now from any mental or

17  physical impairment which could have an effect on your

18  ability to understand the charge against you?  In other

19  words--.

20            DEFENDANT PENA ARGUELLES:  Not at any time.

21            THE COURT:  Okay.  At any time.  Okay.  Are you

22  presently under the influence of any medication, drug, or

23  alcohol, or anything that might prevent you from

24  understanding today's proceeding?

25            DEFENDANT PENA ARGUELLES:  No, Your Honor.

1          THE COURT:  Okay.  I'll ask the prosecutor, the

2    Assistant U.S. Attorney, to summarize the plea agreement.  I

3    have reviewed the plea agreement which has been on file.

4          MR. STRAUSS:  Your Honor, the defendant is pleading

5    guilty to the superseding information that was charged as a

6    conspiracy to launder monetary instruments.  The government

7    basically in exchange for that is making a recommendation

8    pursuant to Rule 11C1C of the Federal Rules of Criminal

9    Procedure, a binding recommendation of a 30-month sentence.

10          THE COURT:  Okay.  And let me ask, Mr. Pena, have

11    you had an opportunity to review the written plea agreement?

12    That is the document, the agreement between the government,

13    yourself, and your attorney?

14          DEFENDANT PENA ARGUELLES:  Absolutely.  Yes.

15          THE COURT:  And you understand the complete plea

16    agreement?

17          DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

18          THE COURT:  And have you signed the plea agreement?

19          DEFENDANT PENA ARGUELLES:  Yes, sir.

20          THE COURT:  Do you have any questions?

21          MR. GOLDSTEIN:  If I may interrupt.  He signed the

22    agreement, and it was interrupted for him and translated for

23    him by Mr. John Brown, who has been providing those services

24    for us.

25          THE COURT:  Okay.

1          MR. GOLDSTEIN:  And I think Mr. Brown has indicated

2     the same on the file copy, Your Honor.

3          THE COURT:  Okay.  And so do you understand the

4     plea agreement, Mr. Pena?

5          DEFENDANT PENA ARGUELLES:  Yes, sir.

6          THE COURT:  And do you agree to the terms of the

7     plea agreement?

8          DEFENDANT PENA ARGUELLES:  Totally.  I'm in

9     agreement with them.

10          THE COURT:  Okay.  You are charged in Count One of

11     the superseding information with conspiring to launder money

12     instruments in violation of 18 U.S. Code, Section 1956H.  Do

13     you understand that you have the right to plead not guilty to

14     the charge?

15          DEFENDANT PENA ARGUELLES:  Yes, I do understand.

16          THE COURT:  Knowing this, how do you plead?  Guilty

17     or not guilty to the charge just named?

18          DEFENDANT PENA ARGUELLES:  I plead guilty.

19          THE COURT:  Before accepting your plea of guilty,

20     there are a number of rights I wish to advise you of.  There

21     will be a number of questions I will ask of you.  If you do

22     not understand any of these rights or questions or at any

23     time wish to consult with your lawyer, please let me know.

24     Okay.

25          DEFENDANT PENA ARGUELLES:  Yes, sir.

Leticia Ornelas Rangel, CSR

1          THE COURT:  Okay.  Have you had enough time,

2    Mr. Pena, to fully discuss your case and possible defenses to

3    the charges that you have?  Have you had enough time to

4    discuss this matter with your lawyer?

5          DEFENDANT PENA ARGUELLES:  Yes, Your Honor, lots of

6    time.

7          THE COURT:  Are you satisfied with your attorney's

8    representation of you?

9          DEFENDANT PENA ARGUELLES:  Totally and absolutely.

10          THE COURT:  And have you received a copy, Mr. Pena,

11    of the superseding information stating the charge against

12    you, that is, have you received the copy of the charge?

13          DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

14          THE COURT:  And have you read it or has it been

15    read to you?

16          DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

17          THE COURT:  And have you discussed with your

18    attorney the charge and the superseding information to which

19    you intend to plead guilty to?

20          DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

21          THE COURT:  Okay.  Mr. Goldstein, I'll now ask the

22    Assistant U.S. Attorney to formally read the charge, unless

23    you waive the reading of the charge.  I'm asking you,

24    Mr. Goldstein, do you waive the reading of the charge?

25          MR. GOLDSTEIN:  I certainly will waive it, Your

1    Honor.

2            THE COURT:  Let me ask Mr. Pena, do you

3    understand -- I know some of these questions, Mr. Pena, are

4    going to sound repetitive.  They are necessary for the whole

5    process.  If at any point you don't understand something,

6    please let me know.  I will restate it or let you confer with

7    your lawyers.  Do you understand the charge?

8            DEFENDANT PENA ARGUELLES:  Yes, I do understand it.

9            THE COURT:  Do you have any questions concerning

10   the charge and the superseding information?

11           DEFENDANT PENA ARGUELLES:  Not any question nor any

12   doubt.

13           THE COURT:  Now as to the charge of conspiring to

14   launder money instruments in violation of 18 U.S. Code,

15   Section 1962D as contained in the superseding information, is

16   this what you did and is this what you are pleading guilty

17   to?

18           DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

19           THE COURT:  Do you understand that under the

20   Constitution and laws of the United States, you're entitled

21   to a trial by jury on the charge against you?  Do you

22   understand this?

23           DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

24           THE COURT:  If you elect to go to a trial before a

25   jury, you have the right to challenge the composition and

1    make-up of the jury panel out of which a jury would be

2    selected to hear your case.  Do you understand this right?

3              DEFENDANT PENA ARGUELLES:  Yes, I do understand.

4              THE COURT:  Further, do you understand that at a

5    trial and at every stage of the proceedings against you, you

6    have the right to assistance of counsel?

7              DEFENDANT PENA ARGUELLES:  Yes, I do understand.

8              THE COURT:  Further, do you understand that you are

9    presumed to be innocent and that the government is required

10   to prove your guilt by competent evidence beyond a reasonable

11   doubt before you can be found guilty, and you do not have to

12   prove that you are innocent.  Do you understand this?

13             DEFENDANT PENA ARGUELLES:  Yes, I do understand it

14   perfectly.

15             THE COURT:  Do you further understand that in the

16   course of a trial, the witnesses for the government would

17   have to come to court and testify in your presence, and your

18   counsel could cross-examine the witnesses for the government,

19   object to evidence offered by the government, and offer

20   evidence on your behalf.  Do you understand this?

21             DEFENDANT PENA ARGUELLES:  Yes, I understand.

22             THE COURT:  Do you further understand that at a

23   trial, while you would have the right to testify, if you

24   chose to do so, you also have the right not to testify, and

25   no inference or suggestion of guilt could be drawn from the

1  fact that you did not testify.  In other words, it cannot be

2  held against you.  Do you understand this?

3             DEFENDANT PENA ARGUELLES:  Yes, I do understand.

4             THE COURT:  Additionally, do you understand that

5  while you are not required to do so and could not be

6  compelled to do so, you have the right at trial to call

7  witnesses on your behalf and to present evidence.  Do you

8  understand?

9             DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

10            THE COURT:  If you plead guilty and I accept your

11 plea, you will waive, in other words, give up your right to a

12 trial and the other rights I just discussed with you, except

13 your right to be represented by your lawyer.

14            By pleading guilty, you convict yourself by your

15 own admission of guilt.  There will be no trial.  I'll enter

16 a judgment of guilty and sentence you on the basis of your

17 guilty plea.  Do you understand what I have just explained to

18 you, Mr. Pena?

19            DEFENDANT PENA ARGUELLES:  Yes, sir.

20            THE COURT:  Do you understand that if you plead

21 guilty, I might ask you some questions about the offense to

22 which you're pleading, and you will no longer have the right

23 to remain silent about those charges.  Do you understand

24 this?

25            DEFENDANT PENA ARGUELLES:  Yes, I understand.

1          THE COURT:  Do you understand that if you answer

2     the questions under oath on the record in the presence of

3     your lawyer, your answers may later be used against you in a

4     prosecution for perjury or false statement if your answers

5     are untrue.  Do you understand this?

6          DEFENDANT PENA ARGUELLES:  Perfectly.

7          THE COURT:  Having discussed your rights with you,

8     do you still wish to plead guilty?

9          DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

10          THE COURT:  And, Mr. Pena, are you pleading guilty

11     because in fact you are guilty and for no other reason?

12          DEFENDANT PENA ARGUELLES:  That's true.

13          THE COURT:  I will impose a sentence after

14     considering the guidelines established by the U.S. Sentencing

15     Commission.  A range of punishment will be determined

16     considering such things as the nature and circumstances of

17     the offense or conduct in the case, and your past criminal

18     history.  However, the Sentencing Guidelines are only

19     advisory, and I am not required to sentence you within that

20     guideline range.  I can sentence you to a term between a

21     minimum and maximum statutory penalties.  Do you understand

22     this?

23          DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

24          THE COURT:  As part of your plea agreement, you're

25     giving up the right to appeal your sentence as well as the

1    right to contest your sentence in any type of post-conviction

2    preceding, except in very limited circumstances.  Do you

3    understand this?

4            DEFENDANT PENA ARGUELLES:  Yes, I do understand it.

5            THE COURT:  And have you discussed the waiver of

6    appeal with your attorney?

7            DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

8            THE COURT:  And do you agree to waive your right to

9    appeal and contest your sentence?

10            DEFENDANT PENA ARGUELLES:  Yes, sir.

11            THE COURT:  Do you understand the maximum possible

12    penalty under Count One of the superseding information is 20

13    years imprisonment, a supervised release term of up to three

14    years, a fine of up to $500,000, and a mandatory 100-dollar

15    special assessment.  Do you understand this?

16            DEFENDANT PENA ARGUELLES:  Yes, sir.

17            THE COURT:  There's no longer any possibility,

18    Mr. Pena, of parole in the federal court system.  The

19    sentence you receive is the time you'll serve less credit for

20    good time.  Do you understand this?

21            DEFENDANT PENA ARGUELLES:  Yes, sir.

22            THE COURT:  Do you also understand that in addition

23    to any fine or restitution imposed, you may be required to

24    pay the cost of incarceration, if you are incarcerated, and

25    the cost of supervision, if you are given supervised release.

1    Do you understand this?

2              DEFENDANT PENA ARGUELLES:  Yes, I do understand.

3              THE COURT:  Supervised release is a term of

4    supervision which you must serve after completing your

5    initial term of confinement.  As mentioned earlier, for the

6    type of offense to which you are pleading guilty, it is

7    mandatory that you be given a maximum of three years

8    supervised release in addition to any other imprisonment.

9    Supervised release begins to run at the termination of your

10   imprisonment.

11             While on supervised release, you will be required

12   to comply with various conditions.  Failure to comply with

13   any of these conditions could result in revocation of your

14   supervised release term.  If the supervised release --

15   rather, let me restate that.  If the supervised release is

16   revoked for any violation of its terms, you may be required

17   to serve an additional term of confinement equal to the term

18   of the supervised release to which you were sentenced.

19             That term of imprisonment can be as long as the

20   original term of supervised release, even if the violation

21   and revocation occur at the end of the term.  For example,

22   Mr. Pena, if you receive a three-year term of supervised

23   release and at the end of the third year you violate a term

24   or condition of supervised release, you may be sentenced to

25   serve up to three more years in prison without credit for any

1    time already served on supervised release.

2            In addition, I can, after revocation of a term of

3    supervised release, include in the new sentence a period of

4    incarceration followed by a new term of supervised release,

5    so long as the sum of incarceration of supervised release

6    term does not exceed the original supervised release term.

7    Do you understand supervised release and the consequences it

8    has on the amount of time you may have to serve?

9            DEFENDANT PENA ARGUELLES:  Yes, I do understand.

10           THE COURT:  Do you have any questions about

11   supervised release, Mr. Pena?

12           DEFENDANT PENA ARGUELLES:  No, Your Honor.

13           THE COURT:  You're further advised that the Court

14   is required to assess a one-time monetary assessment of $100.

15   This assessment is mandatory in addition to any fine the

16   Court may impose.

17           Now, Mr. Pena, are you pleading guilty freely and

18   voluntarily and with the full knowledge of the consequences?

19           DEFENDANT PENA ARGUELLES:  Yes, sir.

20           THE COURT:  Has anyone threatened you, Mr. Pena, or

21   coerced you or forced you in any way to plead guilty?

22           DEFENDANT PENA ARGUELLES:  Nobody, sir.

23           THE COURT:  Has anyone made any promise to you,

24   other than the plea agreement that induced you to plead

25   guilty?

1        DEFENDANT PENA ARGUELLES:  No, sir.

2        THE COURT:  Now you understand, Mr. Pena, that I'm

3   not required to accept the plea agreement.  Do you understand

4   this?

5        DEFENDANT PENA ARGUELLES:  Yes, I do understand it.

6        THE COURT:  If I do not accept the plea agreement,

7   you will be advised in open court, and you will have the

8   opportunity to withdraw your guilty plea.  If you persist in

9   your guilty plea after the plea agreement is rejected, if it

10  is rejected, your sentence or disposition of your case may be

11  less favorable to you than that proposed in the plea

12  agreement.  Do you understand this?

13       DEFENDANT PENA ARGUELLES:  Yes, I do understand.

14       THE COURT:  Has anyone made any prediction,

15  prophesy, or promise to you as to what your sentence will be?

16  Let me restate that.  Has anyone made any promise or prophesy

17  or prediction to you as to what your sentence will be?

18       DEFENDANT PENA ARGUELLES:  No, sir.

19       THE COURT:  Okay.

20       MR. GOLDSTEIN:  Your Honor, other than the 11C1C

21  agreement.

22       THE COURT:  Yes.  That's contained in the plea

23  agreement.

24       MR. GOLDSTEIN:  Yes, sir.

25       THE COURT:  Okay.  What, in summary, is the

Leticia Ornelas Rangel, CSR

1    government's evidence, counsel?

2              MR. STRAUSS:  It's about a five-page recitation in

3    the plea agreement, Your Honor.  Generally speaking--.

4              MR. GOLDSTEIN:  Your Honor, we have signed the

5    factual basis.  It is lengthy.  My client I believe will

6    advise the Court that he has read it thoroughly and agrees to

7    that factual basis.

8              THE COURT:  It involves the number of laundering

9    activity.

10             MR. STRAUSS:  The allegations in the factual basis,

11   in brief, show that Mr. Pena accepted money from entities,

12   money that were proceeds from the sale of controlled

13   substances and basically made deposits of those monies --

14   laundered those monies on behalf of the persons who owned the

15   proceeds.

16             THE COURT:  Okay.

17             MR. GOLDSTEIN:  And, Your Honor, I believe it

18   actually -- those proceeds as well as other -- the proceeds

19   from other illegal conduct.

20             THE COURT:  Okay.

21             MR. GOLDSTEIN:  And I believe it provides that the

22   proceeds of the above-described conduct were deposited in the

23   United States.

24             THE COURT:  Okay.  Thank you.  Now, Mr. Pena,

25   again, you have reviewed the contents of the plea agreement?

Leticia Ornelas Rangel, CSR

1              DEFENDANT PENA ARGUELLES:  Yes, sir.

2              THE COURT:  And in the plea agreement it details a

3    list of activities that you performed.  Is that correct?

4              DEFENDANT PENA ARGUELLES:  Clearly.  Yes, sir.

5              THE COURT:  All of which were in violation of the

6    law.  Is that correct?

7              DEFENDANT PENA ARGUELLES:  That's correct.

8              THE COURT:  And you have reviewed the documents

9    with your lawyer and the interpreter who assisted in

10   interpreting the language of the document to you.  Is that

11   correct?

12             DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

13             THE COURT:  Do you have any questions about the

14   plea agreement?

15             DEFENDANT PENA ARGUELLES:  No doubt.

16             THE COURT:  Now, Mr. Pena, do you agree that if you

17   were to go to trial, the government would produce sufficient

18   witnesses and exhibits to establish your guilt beyond a

19   reasonable doubt?

20             DEFENDANT PENA ARGUELLES:  Yes, sir.

21             THE COURT:  In other words, if you were to plead --

22   if you wanted to go to trial, do you believe the government

23   could prove the case against you?

24             DEFENDANT PENA ARGUELLES:  Yes, sir.

25             THE COURT:  Okay.  Do you have any questions about

1   the plea agreement?

2              DEFENDANT PENA ARGUELLES:  No, Your Honor.

3              THE COURT:  Okay.  And is this what you did, that

4   is, what is contained in the plea agreement, is that exactly

5   what you did?

6              DEFENDANT PENA ARGUELLES:  That's right.

7              THE COURT:  Okay.  Now that the charge and the

8   superseding information and the factual basis for it have

9   been read to you, I want to ask you again, Mr. Pena, if you

10  understand the nature of the charge against you?

11             DEFENDANT PENA ARGUELLES:  Yes, I do understand it.

12             THE COURT:  Do you understand that before you can

13  be found guilty of the charge to which you have pled guilty,

14  the government must prove the facts contained in the plea

15  agreement against you beyond a reasonable doubt.  Do you

16  understand that?

17             DEFENDANT PENA ARGUELLES:  Yes, I do understand it.

18             THE COURT:  Now do you have any questions

19  concerning the charge or the factual basis or the plea

20  agreement?

21             DEFENDANT PENA ARGUELLES:  No, sir.

22             THE COURT:  And, again, to the charge of conspiring

23  to launder money instruments in violation of 18 U.S. Code,

24  Section 1956H, how do you plead, guilty or not guilty?

25             DEFENDANT PENA ARGUELLES:  Guilty.

1          MR. GOLDSTEIN:  Your Honor, may I just add?

2          THE COURT:  Is the statute 18 1956H or?

3          MR. STRAUSS:  Yes, Your Honor.

4          THE COURT:  It's not 1962D?

5          MR. STRAUSS:  It's 1956H, Your Honor.

6          THE COURT:  Okay.

7          MR. GOLDSTEIN:  That is right.

8          THE COURT:  Okay.  Let me ask you -- I'm sorry,

9    Mr. Goldstein, you were saying something?

10          MR. GOLDSTEIN:  And I apologize for interrupting

11   the Court, Your Honor. I just wanted to make it clear for the

12   record that by accepting the general statement regarding the

13   factual basis, my client, I can advise the Court, did not

14   intend to expand what is a fairly lengthy statement of the

15   factual basis beyond that which is contained in the written

16   agreement, Your Honor.

17          THE COURT:  I understand.

18          MR. GOLDSTEIN:  Thank you.

19          THE COURT:  Okay.  And, Mr. Pena, is there -- do

20   you have any question about anything that has occurred here

21   this afternoon about the proceeding?  Do you have any

22   questions?

23          DEFENDANT PENA ARGUELLES:  No questions, Your

24   Honor.

25          THE COURT:  Have you understood everything that has

1    occurred here today?

2              DEFENDANT PENA ARGUELLES:  Perfectly, sir.

3              THE COURT:  Okay.  Then the Court finds the

4    defendant's plea is freely and voluntarily made.  The

5    defendant fully understands the nature of the charge and

6    penalty.  The defendant understands his constitutional and

7    statutory rights and desires to waive them.  The defendant is

8    competent to stand trial, and that there is a factual basis

9    as reflected in the plea agreement to which the defendant has

10   reviewed with lawyers, with his interpreter, and has signed

11   and agreed to.  At this time the Court does accept your plea

12   of guilty.

13             (End of Rearraignment.)

14

15

16

17

18

19

20

21

22

23

24

25

1   UNITED STATES DISTRICT COURT   )

2   WESTERN DISTRICT OF TEXAS      )

3            I certify that the foregoing is a correct

4   transcript from the record of proceedings in the

5   above-entitled matter.  I further certify that the transcript

6   fees and format comply with those prescribed by the Court and

7   the Judicial Conference of the United States.

8   Date signed:    January 7, 2016.

9

10

                            /s/Leticia Rangel
11                          **LETICIA RANGEL**
                            United States Court Reporter
12                          655 East Cesar E. Chavez Blvd.,
                            Room 315
13                          San Antonio, Texas 78206
                            (210) 244-5039
14

15

16

17

18

19

20

21

22

23

24

25

Leticia Ornelas Rangel, CSR