1          UNITED STATES DISTRICT COURT

2          WESTERN DISTRICT OF TEXAS

3          SAN ANTONIO DIVISION

4  UNITED STATES OF AMERICA,   § CRIMINAL NO. 5:12-102-OLG-1
                               §
5                              §
                               §
   v.                          § March 31, 2014
6  ANTONIO PENA ARGUELLES,     §
                               §
7  DEFENDANT.                  §

8

9          TRANSCRIPT OF SENTENCING
      BEFORE THE HONORABLE ORLANDO L. GARCIA
10          CHIEF DISTRICT COURT JUDGE

11  APPEARANCES:

12  For the Government:      CHARLIE STRAUSS, AUSA
                            CHARLIE LEWIS, AUSA
13                          MARY NELDA VALADEZ, AUSA
                            Office of US Attorney
14                          601 NW Loop 410, Suite 600
                            San Antonio, Texas 78216

15

16  For the Defendant:      GERALD HARRIS GOLDSTEIN, ESQ.
                            VAN HILLEY, ESQ.
17                          Goldstein, Goldstein & Hilley
                            310 S. St. Mary's, Suite 2900
18                          San Antonio, TX 78205

19

20

21

22

23

24
   Produced by mechanical stenography; computer-aided
25  transcription

          Leticia Ornelas Rangel, CSR

1                    P-R-O-C-E-E-D-I-N-G-S

2              THE COURT:  Now proceeding to the sentencing

3    matter:  The offense level in this matter is 31, the criminal

4    history category is one.  The range of punishment is 108 to

5    135 months.  Three years supervised release.  A fine range of

6    15,000 to $500,000.  Restitution is not applicable in this

7    case, other than we have the forfeiture proceedings and the

8    special assessment of $100.

9              Any allocution by the government?

10             MR. STRAUSS:  Your Honor, we would ask that the

11   Court accept the recommendation we have made as set forth in

12   full in the sealed sentencing memorandum filed before the

13   Court.  In addition to that, we would ask the Court to impose

14   a supervised release term of three years and a mandatory

15   assessment of $100.  We don't think a fine would be

16   appropriate, given the amount of assets that the defendant

17   has agreed to forfeit to the United States.

18             THE COURT:  In the forfeiture proceeding?

19             MR. STRAUSS:  Yes, sir.

20             THE COURT:  Right.

21             MR. STRAUSS:  And they are the assets that are set

22   forth in the superseding information.

23             THE COURT:  Right.

24             MR. STRAUSS:  And the demand for criminal

25   forfeiture.

Leticia Ornelas Rangel, CSR

1          THE COURT:  All right.

2          MR. GOLDSTEIN:  There's a substantial amount that's

3   being forfeited in the criminal proceedings, Your Honor.

4          THE COURT:  Okay.  Mr. Goldstein or Mr. Van Hilley,

5   anything on behalf of your client?

6          MR. GOLDSTEIN:  Nothing further Your Honor.  May we

7   approach the bench very briefly, Your Honor.

8          THE COURT:  Sure, of course.

9          (At sidebar.)

10         MR. GOLDSTEIN:  My understanding is he gets

11  good-time credit for the detention.  And it's my

12  understanding that a calculation would put him at discharge

13  on April 12th in about two weeks, less than two weeks.  As a

14  consequence, we would respectfully request that the Court

15  expedite the issuance of a judgment and commitment order.

16         THE COURT:  It will be today.

17         MR. GOLDSTEIN:  Yes, sir.  And I believe we -- I

18  did try and reach you, and I apologize.  I've got -- we

19  probably need to set down the forfeiture.  I'm going to

20  desperately try and settle this thing so we don't have to

21  deal with it.  They've been very gracious in giving me their

22  time.

23         THE COURT:  And when are they not?

24         MR. GOLDSTEIN:  On occasion, Your Honor.

25         THE COURT:  Well, I'm sure they'll work on it, if

1   you give them a list.

2            MR. GOLDSTEIN:  Yeah.

3            THE COURT:  All right.  And then?

4            MR. GOLDSTEIN:  And I would like -- can we have 90

5   days so that we can try and work this out?

6            THE COURT:  Okay.  All right.  It's in agreement

7   then?

8            MR. GOLDSTEIN:  Yes, sir.

9            THE COURT:  All right.  Thank you.

10            (End of side-bar.)

11            THE COURT:  Okay.  And, Mr. Goldstein or Mr. Van

12   Hilley, any allocution on behalf of your client?

13            MR. GOLDSTEIN:  Nothing further on behalf of

14   Mr. Pena.

15            THE COURT:  Okay.  Mr. Pena, would you like to say

16   anything at this time before I proceed to sentencing?

17            DEFENDANT PENA ARGUELLES:  No, Your Honor.  Thank

18   you very much.

19            THE COURT:  Okay.  Any legal reason I cannot

20   proceed, counselor?

21            MR. GOLDSTEIN:  I am aware of none, Your Honor.

22            THE COURT:  Okay.  Then the Court has considered

23   the guidelines in an advisory capacity, and pursuant to the

24   Sentencing Reform Act and the policy statements, including

25   the grounds for departure, U.S. versus Booker and Gall v.

1    U.S. and reviewing the 18 U.S. Code, Section 3553 factors,

2    has considered the guidelines as an official benchmark and

3    frame of reference, but finds that an appropriate sentence

4    can be achieved by imposing a sentence outside the guideline

5    range.

6             Specifically, the defendant shall be sentenced

7    outside the guideline range as agreed in a binding plea

8    agreement pursuant to Federal Rule of Criminal Procedure

9    11C1C to reflect the seriousness of the offense, to promote

10   respect for the law, provide just punishment for the offense.

11            Pursuant to the Sentencing Reform Act and U.S.

12   applicable case law, the Court sentences Antonio Pena

13   Arguelles to custody of the Bureau of Prisons for a term of

14   30 months.

15            The defendant also agrees or has agreed and

16   stipulates that the subject real properties and subject

17   personal properties contained in the superseding information

18   filed in this case are subject to forfeiture to the United

19   States of America pursuant to 18 U.S. Code, Section 982A1 for

20   violations of 18 U.S. Code, Section 1956H.

21            The Court's final judgment of forfeiture shall be

22   entered at some point, and the said order shall be

23   incorporated by reference into the Court's judgment and

24   commitment order, which will be issued today.  It's ordered

25   the defendant pay a special assessment of $100.

1      Upon release from imprisonment, the defendant shall

2    be placed on supervised release for a term of three years to

3    comply with all conditions of supervision.  While on

4    supervised release, the defendant shall comply with all

5    mandatory and standard conditions of supervision.  The Court

6    advises the defendant you do have the right to appeal this

7    sentence, unless previously waived.  And the Court will order

8    the worksheet and this be sealed.

9         Anything else, Mr. Goldstein?

10        MR. HILLEY:  Your Honor, we just filed a waiver of

11   indictment prior to this matter being heard by the Court.

12        THE COURT:  Yes, I have that, and I have signed it.

13        MR. GOLDSTEIN:  And I would remind the Court, Your

14   Honor, that the agreement entered into between my client,

15   Mr. Pena, and the government, able counsel for the

16   government, provides that there is an exception with respect

17   to the forfeiture of a certain sum, which is -- remains to be

18   either litigated or resolved by settlement between the

19   parties, Your Honor.

20        THE COURT:  Okay.  Mr. Pena, have you understood

21   everything that has occurred here today?

22        DEFENDANT PENA ARGUELLES:  Yes, Your Honor.

23        THE COURT:  Do you have any questions?

24        DEFENDANT PENA ARGUELLES:  None, Your Honor.

25        THE COURT:  Okay.  Thank you.  Then we're in

1    recess.   And, Jessica, if you will get this signed today.

2              THE COURT SECURITY OFFICER:   All rise.

3              (Adjournment.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Leticia Ornelas Rangel, CSR

1    UNITED STATES DISTRICT COURT   )

2    WESTERN DISTRICT OF TEXAS      )

3            I certify that the foregoing is a correct

4    transcript from the record of proceedings in the

5    above-entitled matter.  I further certify that the transcript

6    fees and format comply with those prescribed by the Court and

7    the Judicial Conference of the United States.

8    Date signed:    January 7, 2016.

9

10

                                  /s/Leticia Rangel
11                                **LETICIA RANGEL**
                                  United States Court Reporter
12                                655 East Cesar E. Chavez Blvd.,
                                  Room 315
13                                San Antonio, Texas 78206
                                  (210) 244-5039
14

15

16

17

18

19

20

21

22

23

24

25

                        Leticia Ornelas Rangel, CSR